*1146 BRISCOE, Circuit Judge,
concurring.
I write only to address Chief Palmer’s textual argument that the free exercise clause is not implicated because Shram is not challenging the enactment or enforcement of any law, regulation, or ordinance. I would reach the same conclusion on the issue as the majority, but I would - rely instead upon our decision in Axson-Flynn v. Johnson, 356 F.3d 1277 (10th Cir.2004), and prior Supreme Court cases. Chief Palmer devotes a mere paragraph to his textual argument, without citation to any legal authority other than the text of the First Amendment. Shram’s brief does not even respond to the argument. In my view, it is sufficient to note, as the majority has, that the Supreme Court has assumed on several occasions that the free exercise clause is not as restricted as Chief Palmer suggests here. More recently, in Axson-Flynn, we assumed that the free exercise clause was not restricted to challenges involving a law, regulation, or ordinance. There, the plaintiff brought a 42 U.S.C. § 1983 action against the staff of the University of Utah’s Actor Training Program, alleging, in part, that the staff forced her to say offensive words contrary to her religious beliefs in violation of the free exercise clause. Id. at 1294. We concluded that a genuine issue of material fact existed as to whether the staffs requirement that students perform acting exercises as written was pretextual or a neutral rule of general applicability. Id. In a footnote, we clarified that our “use of the word “rales” ... mean[t] a state’s or state actor’s laws, regulations, or other policies which act on private persons.” Id. at 1294 n. 17. As is evident from Axsonr-Flynn, government conduct is subject to the free exercise clause’s protections.